FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 04 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | 12-CR-103 |
| - against - | Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)(2) |
| FERNANDO ESPINAL, | |
| Defendant. | |



**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from that provided by the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now "advisory" rather than mandatory, *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (alterations in original).

1

On April 19, 2012, Fernando Espinal pled guilty to the sole count of a single-count indictment. The indictment charged that on or about November 15, 2011, within the Eastern District of New York, Espinal, an alien who had previously been deported from the United States after having been convicted of committing an aggravated felony, was found in the United States, without the Secretary of the United States Department of Homeland Security having expressly consented to his applying for admission, in violation of 8 U.S.C. § 1326.

Espinal was sentenced on August 22, 2012. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere, as well as the factors and considerations that a district court must evaluate in imposing a sentence in accordance with 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

The court finds the total offense level to be 21 and defendant's criminal history category to be category IV, yielding a Guidelines range of imprisonment of between fifty-seven and seventy-one months. The offense to which Espinal pled guilty carries a maximum term of imprisonment of twenty years. *See* 8 U.S.C. § 1326(b)(2). The maximum fine that could have been imposed was $250,000. *See* 18 U.S.C. § 3571(b)(3).

Espinal was sentenced to a year and a day of imprisonment. He was sentenced to a year's imprisonment in January 2012 by a state-court judge for the criminal possession of a controlled substance; the federal sentence was ordered to run concurrently. A supervised release term of three years was imposed. A special assessment of $100 was imposed. No fine was ordered.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence was "sufficient, but not greater than necessary, to comply with the purposes" of

sentencing. 18 U.S.C. § 3553(a). The court imposed a non-Guidelines sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The offense to which the defendant pled guilty is an extremely serious one. Espinal reentered the United States in June 2008; he knew that it was illegal for him to do so. He has a long history of involvement in drug crime, and was incarcerated for nearly ten years—from April 1998 to June 2008—for having conspired to distribute and having possessed with intent to distribute crack cocaine. He was deported almost immediately after being released from prison.

Other considerations, however, support the imposition of a non-Guidelines sentence. Defendant is forty-two years old and is citizen of the Dominican Republic. He was raised by loving parents; the family, however, had little money. He stopped attending school in the fourth grade so that he could work and help support his family. He remains close with his father and his numerous siblings; his mother is deceased. His youngest brother died earlier this year from injuries sustained in a motorcycle accident. He married in the Dominican Republic in 1988. He entered the United States legally that year, and in 1994 obtained legal permanent resident status.

Defendant has expressed a great deal of remorse for his crime, and has vowed never again to reenter the United States. He is a person of average intelligence, and he appears to have been to some extent manipulated by criminals over much of the course of his adult life.

A sentence of a year and a day, and the supervised release term required, serve to reflect the seriousness of the offense, will promote respect for the law, and will provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under 18 U.S.C. § 3553(a)(2)(B), there are two important factors to be considered by the sentencing court: specific and general deterrence. General deterrence is effectuated by the term of imprisonment imposed. Specific deterrence is of less importance in this case, as the defendant appears extremely remorseful for his various offenses; he strongly desires to end his imprisonment and return to the Dominican Republic. Defendant's severe antipathy towards imprisonment will likely serve to deter him in the future from committing crimes in this country.

_____
Jack B. Weinstein
Senior United States District Judge

Dated: August 23, 2012
       Brooklyn, New York